Battle, J.
 

 The claim of the plaintiffs is, as we think, fully sustained by a fair construction of the will of their grandfather, Moses Holmes. Whatever interest in the slaves, or in any matter concerning them, which was given to the mother, was confined to her for life, and after death, was given to her children. As to the boy, Robert, the question is too plain to admit, of argument. When he died, in the life-time of the plaintiff’s mother, another slave of equal value, might have been, by the terms of the will, immediately substituted in his place, and then, upon the death of their mother, such substited slave would have necessarily belonged to her children. Their right is not to be defeated by the delay of the executor to perform his duty. The case of the girl, Nancy, is somewhat more doubtful; but a "fair interpretation of the language of the testator, will, in our opinion, give the plaintiff a right to have another slave substituted for her. The testator clearly intended, that whatever interest his daughter took in the slaves which he bequeathed to them, should, at their deaths, belong to their respective children. If, then, the girl, Nancy, liad died in the life-time of the plaintiff’s mother, another-girl would have been substituted in her place, and would have devolved upon the plaintiffs, upon the death of their mother,
 
 *253
 
 as we have already decided, with respect to the boy, Robert. As Nancy survived the mother, the right to have another girl substituted in her place, passed with her to the mother’s children,, and upon the death of the girl, after the death of the' mother, this inchoate right to have the substituted slave became perfect. To make this view more obvious, it will be observed that, in the 9th clause of the will, it is said that the' event of the death of any slave given to either of the daughters, “ the loser or losers shall have another negro,” &e. The
 
 loser or losers
 
 refer, in that clause, to the daughters alone, because the absolute interest is there given to them ; but in the-codicil, the interest in the slaves is divided, and a life estate only is given to the daughters, respectively, while the absolute interest in remainder is given to their children, so that the mother, in any particular case, or her child or children, may be the “loser or losers,” at any time, while the slaves, from whom the substituted slave is to be taken, shall remain in, the hands of the testator’s widow — that is, during her life or widowhood.
 

 The plaintiffs are, therefore, entitled to a decreefor two slaves of the same value with Robert and Nancy, as such value was, at the time of their respective deaths,to be taken from among those given to the widow by the 10th clause of the will. It is said, in the answer of the defendants, that the boy, Robert, was sickly, and of very little value when lie was put info tlio possession of the plaintiffs’ mother, and that lie ultimately died of consumption. This is neither admitted nor proved; but, if it-were, we think that from the manifest intention of the testator to provide equally for his daughters, in slaves, the boy in question must be estimated as if lie were ordinarily healthy, and of the average value of a boy of his age, size and qualities.
 

 For the purpose of ascertaining this, there must be a1 reference to a commissioner, and the cause will be retained for further directions upon the coming in of the report.
 

 Per Curiam, , Decree accordingly.